OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law *358 and facts, accusatory instrument dismissed and fine, if paid, remitted.
Defendant was charged in a simplified traffic information with disobeying a traffic-control device by making a prohibited left turn (Vehicle and Traffic Law § 1110 [a]). At trial, the police officer testified that he observed defendant stop at the intersection of Nardozzi Place and Industrial Lane and make a left turn even though a no-left-turn sign was located on the near right corner of the intersection. Defendant admitted that he made the turn, but testified that he did not see the one and only no-left-turn sign posted at the intersection because it was placed below a stop sign and his view thereof was obstructed by a larger vehicle to his right. He also asserted that, pursuant to Vehicle and Traffic Law § 1110 (b), the foregoing statute should not be enforced against him since the sign was poorly placed. Section 1110 (b) states, in pertinent part, that “[n]o provision of this title for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person.”
The New York State Department of Transportation was mandated to “adopt a manual and specifications for a uniform system of traffic-control devices * * * ” (Vehicle and Traffic Law § 1680 [a]). In accordance with this directive, the Department of Transportation formulated rules and specifications regarding the size and placement of turn prohibition signs, and indicated that all such signs “be placed where they will be readily seen by drivers intending to turn” (17 NYCRR 213.2 [b] [1]). Specifically, no-left-turn signs “should be placed in the near right and far left corners of the intersection” (17 NYCRR 213.2 [b] [1] [i]; emphasis added). Although the legislative bodies of cities can prohibit or regulate the turning of vehicles at intersections by means of traffic-control devices, such devices must conform to the state manual and specifications (see, Vehicle and Traffic Law § 1640 [a] [2], [11]; § 1682; see also, § 1680 [c]).
The photographs admitted into evidence at trial show that a larger vehicle to defendant’s right would have obstructed the no-left-turn sign, which was placed below the stop sign, while the stop sign would remain visible. We find that the no-left-turn sign was not in proper position to be seen by an ordinarily observant person (see, Vehicle and Traffic Law § 1110 [b]; People *359 v Zucker, NYLJ, Nov. 23, 1993, at 36, col 3) and, thus, defendant’s guilt was not established beyond a reasonable doubt. Accordingly, the judgment is reversed, the simplified traffic information dismissed and the fine, if paid, remitted.
Floyd, P.J., Doyle and Colabella, JJ., concur.